# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO-RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOONE, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00290-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Israel Maldonado-Ramirez ("Plaintiff") is a county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on February 17, 2023, in the Sacramento Division of the United States District Court for the Eastern District of California, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  The action was transferred to the Fresno Division on February 27, 2023.  (ECF No. 4.)

　　　　Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the complaint, which is disjointed and difficult to decipher, Plaintiff appears to raise claims regarding his disagreement with the rulings of other Magistrate Judges in his other court cases, issues receiving his legal mail or property, removal of gold from his property, access to courts, his representation in a pending criminal matter, retaliation, and his requests for release from custody. (ECF No. 1.)

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Despite raising a litany of claims against various individuals, at no point does Plaintiff allege that he is at risk of suffering any physical injury. Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Maldonado v. Shafter-Wasco North Division*, Case No. 1:12-cv-01586-JLT-GBC (E.D. Cal.) (dismissed on November 27, 2012 for failure to state a claim); (2) *Israel Maldonado v. Superior Court Kern Cty.*, Case No. 1:12-cv-01467-AWI-JLT (E.D. Cal.) (dismissed on March 14, 2013 for failure to state a claim); (3) *Maldonado v. Facility 4A Building 8 Staff*, Case No. 1:12-cv-01630-DLB (E.D. Cal.) (dismissed on June 24, 2013 for failure to state a claim); (4) *Maldonado v. Committee Counsel Wasco R/C*, Case No. 1:12-cv-01670-SAB (E.D. Cal.) (dismissed on January 15, 2014 for failure to state a claim); (5) *Maldonado v. Medical Employees*, Case No. 1:12-cv-01824-LJO-SAB (E.D. Cal.) (dismissed on April 4, 2014 for failure to state a claim); (6) *Ramirez v. Khale*, Case No. 1:21-cv-01213-DAD-EPG (E.D. Cal.) (dismissed on November 18, 2021 as frivolous); (7) *Ramirez v. Perez*, Case No. 1:22-cv-00564-JLT-SAB (E.D. Cal.) (dismissed on November 21, 2022 for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 28, 2023**          /s/ Barbara A. McAuliffe          _
                                       UNITED STATES MAGISTRATE JUDGE

3